# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MARVIN LANGLEY § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:24-CV-2832-S |
| METROPOLITAN LIFE INSURANCE § | |
| COMPANY and SOUTHWEST AIRLINES § | |
| CO. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Southwest Airlines Co.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [ECF No. 23]. The Court has reviewed the Motion, Plaintiff Marvin Langley's Response to the Motion ("Response") [ECF No. 25], Defendant's Reply to the Response [ECF No. 26], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

This negligence case arises out of a workplace accident that occurred while Plaintiff Marvin Langley was an employee of Defendant Southwest Airlines Co. Pl.'s Am. Compl. ("Amended Complaint") [ECF No. 21] ¶ 6. Plaintiff alleges that "[w]hile unloading heavy materials at [Southwest's] direction[,] Plaintiff's eye was injured by a heavy object." *Id.* Plaintiff allegedly suffered permanent and uncorrectable loss of vision "in one or both eyes" as a result of the accident. *Id.* ¶ 8. Plaintiff filed a "claim for accidental dismemberment insurance benefits" with Defendant Metropolitan Life Insurance Company, which denied his claim. *Id.*

As a result of these events, Plaintiff sued Defendants in the 68th Judicial District of Dallas County, Texas, bringing, inter alia, a claim for wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., against

Metropolitan and a claim for negligence against Southwest. *See* Pl.'s Original Pet. ("Petition") [ECF No. 1-2] ¶¶ 15-18, 22-23; *see also* Am. Compl. ¶¶ 12-18.[1] Defendants subsequently removed the suit to this Court. *See* Defs.' Notice of Removal [ECF No. 1]. Southwest then filed this Motion, seeking to dismiss the negligence claim against it.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir.

---

[1] In his Petition, Plaintiff had brought a claim for wrongful denial of benefits under ERISA initially against both Metropolitan and Southwest. *See* Pet. ¶ 18. Defendants then filed a first Partial Motion to Dismiss for Failure to State a Claim ("First Motion to Dismiss") [ECF No. 8], arguing that Plaintiff could not recover from Southwest under ERISA since the plan benefits Plaintiff sought were insured by Metropolitan, not Southwest. *See* First Mot. to Dismiss 4-5. Subsequently, Plaintiff filed the Amended Complaint, dropping the claim for wrongful denial of benefits against Southwest.

2

1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

### III. ANALYSIS

The Court concludes that Plaintiff has not plausibly alleged a negligence claim against Southwest because his factual recitations do not give Southwest fair notice of the basis for his claim. To ultimately prevail on his negligence claim under Texas law,[2] Plaintiff must establish that (1) Southwest owed him a duty, (2) Southwest breached that duty, (3) the breach proximately caused Plaintiff's injuries, and (4) damages resulted from the breach. *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex. 2003) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002)).

Here, Plaintiff alleges that "[w]hile unloading heavy materials at [Southwest's] direction[,] Plaintiff's eye was injured by a heavy object." Am. Compl. ¶ 6. He then alleges that he "should not have been forced to lift heavy objects by himself and should have been provided help but Defendant Southwest refused to do so." *Id.* ¶ 7. Plaintiff provides no more specific details about this accident, such as what the "heavy materials" were, which Southwest employee directed him to unload these materials, how his eye was injured, or what specific "heavy object" injured his eye. The Court sets out these examples, not to conclusively establish what is required for Plaintiff's

---

[2] Texas law governs Plaintiff's negligence claim against Southwest. *Wisznia Co. v. Gen. Star. Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) ("A federal court sitting in diversity applies the substantive law of the forum state . . . ." (citation omitted)).

3

pleadings to pass master under Rule 8(a), but rather to highlight how bare Plaintiff's allegations currently are. *Compare Rivera v. United States*, No. EP-15-CV-00021-KC, 2015 WL 5608113, at *1, 4 (W.D. Tex. Sept. 22, 2015) (denying motion to dismiss negligence claim where amended complaint provided specific details on the car accident that led to plaintiff's injuries, including location of and circumstances leading up to accident), *with Verret v. N. Star Marine, LLC*, No. 09-3442, 2009 WL 3614502, at *2 (E.D. La. Oct. 28, 2009) (granting motion for more definite statement where a plaintiff bringing a workplace negligence claim arising out of an onsite electrocution failed to allege "how [he] was electrocuted, the equipment that led to his electrocution, the facts leading up to the electrocution, [or] the people involved in the accident").

Further, while Plaintiff provides a long list of Southwest's alleged breaches of its duty, *see* Am. Compl. ¶¶ 6, 17, by providing so little detail on how he was injured, Plaintiff does not adequately allege how these purported breaches caused his injury, *see Albaugh v. Wind Access Eng'g Inc.*, No. 1:23-CV-146, 2024 WL 627557, at *7-8 (S.D. Tex. Jan. 17, 2024) (finding that the plaintiff's negligence claim could not survive a Rule 12(b)(6) motion to dismiss because the plaintiff failed to allege "sufficient factual assertions" to identify the defendant's negligent acts or omissions or how those acts or omissions caused the plaintiff's injuries (citations omitted)), *report and recommendation adopted by* 2024 WL 625328 (S.D. Tex. Feb. 14, 2024).

As such, the Court concludes that the Amended Complaint does not provide Southwest "fair notice" of the grounds upon which Plaintiff's negligence claim rests, and thus, Plaintiff has not stated a plausible negligence claim against Southwest.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Southwest Airlines Co.'s Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 23]. Given the Federal Rules of Civil

Procedure's liberal policy of allowing amendments to pleadings, the Court sua sponte **GRANTS** Plaintiff leave to amend his Amended Complaint. Plaintiff must file a second amended complaint by **July 23, 2025**. If an amended complaint is not filed within such time, Plaintiff's negligence claim against Southwest will be dismissed with prejudice.

    **SO ORDERED.**

    SIGNED July 2, 2025.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**