**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MARVIN LANGLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2832-K |
| | § | |
| METROPOLITAN LIFE INSURANCE COMPANY and SOUTHWEST AIRLINES COMPANY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Southwest Airlines Company's ("Southwest") Motion for Summary Judgment (Doc. No. 47) and Brief in Support (Doc. No. 48) (together, the "Motion"). Plaintiff Marvin Langley did not file a response. Having carefully considered the Motion, the supporting appendix (Doc. No. 49), the applicable law, and the relevant portions of the record, the Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** Plaintiff's claim against Southwest.

## I. Factual Background

Plaintiff is a former Southwest employee. *See* Doc. No. 30 at 2 (Plaintiff's Second Amended Complaint) (all citations to CM/ECF page number unless otherwise noted). While employed at Southwest, Plaintiff was an aircraft panel inspector. *See id.* His role included the inspection of "removed wing to body panels" in order to look for any damage to the panels. *Id.* Plaintiff alleges that on November 19, 2023, "while

manually lifting heavy body panels for inspection," he lost vision in his left eye. *Id.* Specifically, Plaintiff alleges that, while attempting to lift the panel in order to inspect it, he "popped a blood vessel in his left eye which caused a blood clot which caused permanent and uncorrectable loss of vision in his left eye[.]" *Id.* at 3. He further alleges that his eye injury was "a direct result of lifting body panels from Aircraft N8675A without any special lifting devices." *Id.*

In his Second Amended Complaint, Plaintiff brings two claims, one against each Defendant. Plaintiff brings a claim for wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA") against MetLife, and he brings a claim for negligence against Southwest. *See id.* at 4–5. Specifically, Plaintiff alleges that Defendant Southwest "created an unreasonable risk of harm and forced Plaintiff to work in an unsafe workplace" by, among other things, "fail[ing] to provide reasonably safe equipment to lift heavy materials," "fail[ing] to warn Plaintiff of the dangers associated with lifting heavy equipment without any help or supervision," and "[p]lacing Plaintiff in a dangerous position and failing to act as a reasonable person in preventing harm." *Id.* at 5.

The Court previously dismissed Plaintiff's wrongful denial of benefits claim against MetLife. *See* Doc. No. 50 (Court's March 30, 2026 Memorandum Opinion and Order). Now, Southwest moves for summary judgment against Plaintiff, arguing that his negligence claim is barred by the Texas Workers' Compensation Act ("TWCA"). Doc. No. 47 at 1. Plaintiff did not file a response to the Motion, and his time to do so

has long passed. *See* L. Civ. R. 7.1(e) ("[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed"); Doc. No. 47 (Southwest's Motion filed December 5, 2025). Accordingly, the present Motion is now ripe for determination.

## II. Legal Standards

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.* All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Bourdreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

When a party bears the burden of proof on the issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may obtain summary judgment by (1) submitting evidence that negates the existence of one or more essential elements of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence

to support one or more essential elements of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 323–25. Once the movant satisfies his burden, the nonmovant may not rest on the pleadings, but must present competent summary judgment evidence showing that a genuine fact dispute for trial exists. *Id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249–52; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322. The court views the evidence in the light most favorable to the nonmovant, but the nonmovant must still "come forward with specific facts indicating a genuine [dispute] for trial." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (citing *Celotex*, 477 U.S. at 324).

Even when a nonmovant fails to respond to a motion for summary judgment, the Court is not permitted "to enter a 'default' summary judgment." *Heaven v. Chase Home Fin. LLC*, Civ. Action No. 3:08-CV-1872-L, 2009 WL 3163546, at *2 (N.D. Tex. Sept. 30, 2009) (Lindsay, J.) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). However, the Court may properly "accept[] as undisputed the facts so listed in support of [the movant's] motion for summary judgment." *Eversley*, 843 F.2d at 174. "A summary judgment nonmovant who does not respond to the motion is

relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.).

## III. Analysis

In its Motion, Southwest argues that it is entitled to summary judgment on Plaintiff's negligence claim because the claim is barred by the TWCA. Doc. No. 48 at 1. Specifically, Southwest argues that the TWCA "provides the exclusive remedy for an employee injured on the job" and that, "[b]ecause of the exclusive remedy provisions in the TWCA, Plaintiff has no common law cause of action against Southwest for negligence, so his claim is barred as a matter of law." *Id.* at 1, 4.

Defendant Southwest submits the following documentary evidence in support of its Motion: (1) the Declaration of Patti Colwell, Southwest's Workers' Compensation Manager (Doc. No. 49 at 3–4); and (2) information pages from Southwest's Workers' Compensation and Employers' Liability Insurance (Doc. No. 49 at 5–6). Having viewed the evidence, including the undisputed facts, and all reasonable inferences in the light most favorable to Plaintiff and resolving all disputed facts in favor of Plaintiff, the Court finds that Plaintiff's negligence claim against Southwest is **barred** by the TWCA.

The TWCA provides that "[r]ecovery of workers' compensation benefits is the *exclusive* remedy of an employee covered by workers' compensation insurance coverage[.]" TEX. LAB. CODE ANN. § 408.001(a) (emphasis added). "The Texas workers'

compensation system represents a carefully crafted balance between the conflicting interests of employees and employers." *Univ. of Tex. Rio Grande Valley v. Oteka*, 715 S.W.3d 734, 736 (Tex. 2025).

Both the Supreme Court of Texas and the Fifth Circuit have made clear that the TWCA provides the *exclusive* avenue for employees to recover for on-the-job injuries and prohibits common-law claims against their employers, *including claims for negligence*. *See TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 72–73 (Tex. 2016) (emphasis added); *Oteka*, 715 S.W.3d at 736 ("[f]or personal injuries sustained in the course and scope of employment, covered employees *waive* their right of action to recover damages and instead are eligible for more certain and prompt benefits without having to prove fault or negligence"); *Johnson v. Caroli*, 2022 WL 1499280, at *2 (5th Cir. May 12, 2022) (quoting *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 (5th Cir. 1997)) ("[t]he TWCA 'provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence'"). Importantly, "[t]he TWCA provides that an employee may not assert common-law negligence claims against an employer unless the employer has elected *not* to subscribe to workers' compensation insurance." *McQuagge v. Heil Trailer Int'l Co.*, 602 Fed. App'x. 977, 979 (5th Cir. 2015) (emphasis added).

It is indisputable that Southwest is and was subscribed to and maintained workers' compensation insurance at the time of Plaintiff's work-related injury. *See* Doc. No. 49 at 3 ("Southwest is a subscriber to workers' compensation insurance under the

[TWCA]") & 5 (page of Southwest's workers' compensation insurance policy showing policy period ran from December 15, 2022, to December 15, 2023); Doc. No. 30 at 2 (Plaintiff's allegation that he sustained eye injury on *November 19, 2023*). So, unless Plaintiff waived workers' compensation coverage, the TWCA is his *only* remedy for recovering for the injury he sustained while on the job. *See* TEX. LAB. CODE ANN. § 406.034(a) (emphasis added) ("unless the employee gives notice [that he or she waives coverage], an employee of an employer waives the employee's right of action at common law . . . to recover damages for injuries . . . sustained in the course and scope of the employment").

To waive workers' compensation coverage and retain common-law claims, the employee must "notify the employer in writing that the employee waives coverage . . . and retains all rights of action under common law"). *Id.* at § 406.034(b). There is no evidence in the record that indicates Plaintiff notified Southwest in any manner that he wished to waive workers' compensation coverage. On the contrary, the undisputed facts establish that Plaintiff clearly did not submit any notice to Southwest indicating that he wanted to waive coverage. *See* Doc. No. 49 at 3; *Eversley*, 843 F.2d at 174 (court may properly "accept[] as undisputed the facts so listed in support of [the movant's] motion for summary judgment"). Put simply, Plaintiff was injured while working in the course and scope of his employment (*i.e.*, inspecting and lifting the panel), Southwest was a subscriber to workers' compensation insurance coverage at the time of the injury, and Plaintiff never notified Southwest that he wished to waive coverage. Accordingly,

Plaintiff's only remedy is through Southwest's workers' compensation benefits, and as a result, his negligence claim against Southwest is **barred** by the TWCA.

## IV. Conclusion

Having viewed the evidence and all reasonable inferences in the light most favorable to Plaintiff and resolving all disputed facts in favor of Plaintiff, the Court finds that no genuine dispute of material fact exists as to Plaintiff's negligence claim against Southwest because the TWCA bars the claim. Accordingly, the Court **GRANTS** Southwest's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's claim against Southwest.

**SO ORDERED.**

Signed August 12th, 2026.

ED KINKEADE
UNITED STATES DISTRICT JUDGE